UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-25468-CIV-MORENO

AMERICAN CREDIT ACCEPTANCE, LLC,

    Plaintiff,

vs.

THE MAGIC AUTO SALES CORP. f/k/a
MONZON AUTO SALES INC., and DANILO
MONZON,

    Defendants.
_____/

## ORDER DENYING MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND ORDER DENYING MOTION FOR HEARING

THIS CAUSE came before the Court upon Defendant Danilo Monzon's Motion to Set Aside Default or Default Judgment (**D.E. 13**), filed on **June 26, 2019**, and Plaintiff American Credit Acceptance, LLC's Motion to Set Hearing on Danilo Monzon's Motion to Set Aside Default Final Judgment (**D.E. 16**), filed on **August 15, 2019**.

THE COURT has considered the motions, Plaintiff's Opposition to Set Aside Default, the pertinent portions of the record, and is otherwise fully advised in the premises.

## BACKGROUND

On December 28, 2018, Plaintiff filed a 4-count complaint against Defendants Danilo Monzon and The Magic Auto Sales Corp. *f/k/a* Monzon Auto Sales, Inc., alleging breach of contract, fraud, aiding and abetting fraud, and negligent misrepresentation. Plaintiff perfected service of the complaint and the summons on both Defendants. After neither Defendant timely responded to the complaint, Plaintiff filed a motion for Clerk's Default against both Defendants. On March 7, 2019, the Clerk of Court entered default against both Defendants.

Two months later, on May 9, 2019, Plaintiff filed a Motion for Default Judgment against both Defendants, supported by affidavits concerning the value of the judgment. Again, neither Defendant timely responded, and consequently the Court entered Default Final Judgment against both Defendants on May 31, 2019.

Finally, on June 26, 2019, more than 3 weeks after the Court entered Default Final Judgment, Defendant Danilo Monzon ("Monzon") made his first appearance in the case by filing a Motion to Set Aside Default or Default Judgment (the "Motion"). Plaintiff timely filed an Opposition to the Motion, but Monzon did not file a reply in support of his Motion. Despite being situated procedurally similar to Monzon, Defendant The Magic Auto Sales Corp. *f/k/a* Monzon Auto Sales, Inc. still has not appeared in this matter, and accordingly, is not subject to this Order.

## LEGAL STANDARD

"[A] party seeking to set aside a court's entry of default judgment 'must proceed under Federal Rule of Civil Procedure 60(b).'" *Davila v. Alcami Grp., Inc.*, No. 12-23168-CIV-MORENO, 2013 WL 1934168, at *3 (S.D. Fla. May 9, 2013) (quoting *J & M Assocs., Inc. v. Callahan*, No. 07–0883–CG–C, 2011 WL 5553696 (S.D. Ala. Nov. 15, 2011)). Under Rule 60(b), the Court may set aside a default judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). By its very nature, Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2016 WL 867111, at *1 (S.D. Fla. Mar. 7, 2016), *aff'd*, 725 F. App'x 772 (11th Cir. 2018) (quoting *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014)). "While Rule 60(b) generally requires liberal application in cases of default

judgments, this policy does not apply in cases of willful misconduct, carelessness, or negligence." *Id.*

To set aside a default judgment for mistake, inadvertence, or excusable neglect under Rule 60(b)(1), the defaulting party must show: (1) it had a meritorious defense that might have affected the outcome; (2) good reason existed for failure to respond to the complaint; and (3) granting the motion would not prejudice the opposing party. *Davila*, 2013 WL 1934168, at *3 (citing *Rivas v. Denovus Corp., Ltd.*, No. 10–22070, 2010 WL 4102926 (S.D. Fla. Oct. 18, 2010)). "The moving party must establish a meritorious defense 'by a clear and definite recitation of the facts.'" *Grant*, 2016 WL 867111, at *2 (quoting *Gibbs v. Air Canada*, 810 F.2d 1529, 1538 (11th Cir. 1987)). Moreover, "[a] general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient." *Id.* (quoting *S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007)). Rather, the moving party "must make an affirmative showing of a defense that is likely to be successful." *Id.* (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)). But, importantly, "[n]either ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Id.* (quoting *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)).

## **DISCUSSION**

The Court finds the Motion fails to make the requisite showings to set aside default judgment under Rule 60(b) because Monzon: (1) does not adequately assert any meritorious defenses that might affect the outcome of the case; (2) does not demonstrate that good reason existed for his failure to timely respond; and (3) does not explain why setting aside the default would not prejudice Plaintiff. The Court addresses each reason in turn.

First, the Motion fails to show Monzon has a meritorious defense that might affect the outcome of this case. While Monzon asserts "there are meritorious defenses to this action" and he

3

"request[s] an opportunity to present same" (D.E. 13 at ¶ 6), this single conclusory statement, by itself, does not rise to make an "affirmative showing of a defense that is likely to be successful." *Grant*, 2016 WL 867111, at *2 (quoting *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1133). Monzon attaches a proposed answer to his Motion, but the proposed answer—which totals less than one and one-half pages and simply denies knowledge of, or affirmatively denies all but five of Plaintiff's allegations (*See* D.E. 13-1)—fares no better. This is because the law requires that a party moving to set aside a default judgment establish a meritorious defense by a "clear and definite recitation of the facts." *See Grant*, 2016 WL 867111, at *2 (quoting *Gibbs*, 810 F.2d at 1538). And so, Monzon's general denials of Plaintiff's allegations are not sufficient to, and certainly do not, establish a meritorious defense. *Id.* (quoting *Simmons*, 241 F. App'x at 664).

Monzon's proposed answer is also noticeably deficient because it does not assert a single affirmative defense. (*See generally* D.E. 13-1.) And the closest Monzon comes to asserting any affirmative defense is the singular statement, found in his Motion, that he "has multiple witness wherein the Co Defendant is sole owner of the Company and bought out the Interest of DANILO MONZON." (D.E. 13 at ¶ 4.) But this assertion, without more, does not explain how any alleged "buy out" disclaims Monzon from all liability. Nor does this assertion discount Plaintiff's specific claim against Monzon in Count III for aiding and abetting fraud in conjunction with Defendant The Magic Auto Sales Corp. *f/k/a* Monzon Auto Sales, Inc.

The Court also notes that despite the gaps in Monzon's request for relief—which Plaintiff highlights in its Opposition—Monzon did not file a reply that further explained or supplemented the arguments advanced in his Motion.[1] Put simply, the Motion and proposed answer fail entirely

---

[1] The Court additionally notes that despite being subject to default *and* default judgment, the Motion mistakenly requests only that the Court "enter an order to set aside the ( X ) Default *( ) Default Judgment*." (*See* D.E. 13 at 1 (emphasis added).)

4

to "make an affirmative showing of a defense that is likely to be successful." *Grant*, 2016 WL 867111, at *2 (quoting *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1133).

Second, the Motion must also be denied because Monzon does not assert there is good reason for his failure to respond to the complaint. Importantly, "[n]either ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Id.* (quoting *Ben Sager Chemicals Int'l, Inc.*, 560 F.2d at 809). Monzon readily acknowledges in his Motion that he was served on February 12, 2019, but asserts he "did not answer or appear at the hearing" because "[t]he case was dormant for months and nothing was transpiring." (*See* D.E. 13 at ¶¶ 2–3.) Monzon also asserts that he "thought the Co Defendants had resolved this matter and nothing further needed [to] be done." *Id.* at ¶ 2. But the Summons in a Civil Action that Monzon was served with makes clear that a lawsuit was filed against him and that "[w]ithin 21 days after service of th[e] summons," Monzon was required to serve on Plaintiff "an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." (*See* D.E. 5 at 2.) If anything, then, the reason the case was "dormant for months and nothing was transpiring" was only because Monzon did not answer or otherwise respond to the complaint. In short, Monzon's belief that his case was dormant or that a co-defendant resolved the matter is the kind of carelessness or negligence that prevents the Court from setting aside the default judgment pursuant to Rule 60(b)(1). *See Davila*, 2013 WL 1934168, at *5 (denying motion to set aside default judgment where defendants did not timely file a responsive pleading "based on their belief" that settlement negotiations were ongoing).

Third, even assuming Monzon established a meritorious defense and demonstrated good reason for failing to respond, the Motion still entirely fails to establish that Plaintiff will not suffer any prejudice if the default judgment is set aside. *See id.* at *3. Here, Plaintiff diligently litigated its case against both Defendants, in an effort to recover a judgment on accounts that have been in

5

default for extended periods of time. The Motion fails to explain how Plaintiff will not continue to suffer prejudice if the default judgment is set aside. Therefore, the Motion also fails on this basis.

Finally, the Court finds it unwarranted to set aside the default judgment under Rule 60(b)(6). Aside from the reasons already discussed—and rejected—above, Monzon offers no additional ground for the Court to set aside the default judgment. Accordingly, the Court finds the bases asserted in the Motion, and the substance of the proposed answer, do not establish a sufficient basis to set aside the default judgment. Therefore, it is

ADJUDGED that Defendant's Motion to Set Aside Default or Default Judgment **(D.E. 13)** is DENIED, and consequently, Plaintiff's Motion to Set Hearing **(D.E. 16)** is DENIED AS MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th of August 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

The Magic Auto Sales Corp. f/k/a Monzon Auto Sales Inc.
c/o Sandor Sardinas, President
368 West 58th Terrace
Hialeah, FL 33012

Danilo Monzon
5890 Palm Avenue
Hialeah, FL 33012